UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CONNIE ELLEN HORNUNG,

    Plaintiff,

v.                            Case No. 3:19-cv-166-MCR-HTC

ANDREW SAUL,
Commissioner of Social Security,

    Defendant.

_____/

### REPORT AND RECOMMENDATION ON ATTORNEY'S FEES

This case is before the Court on Plaintiff's Motion for Attorney's Fees, seeking fees as the prevailing party under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF Doc. 15. The Commissioner has filed an objection on two grounds: (1) the motion is untimely and (2) the amount is unreasonable. ECF Doc. 16. Upon consideration, the undersigned recommends the motion be DENIED as untimely filed.[1]

The EAJA requires a court to award to a prevailing party "fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless

---

[1] Because the undersigned is recommending dismissal based on untimeliness, the undersigned does not reach the reasonableness argument.

the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The EAJA further requires a prevailing party file an application for attorney's fees within thirty (30) days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The court's judgment is final sixty (60) days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure. *See Shalala v. Schaefer,* 509 U.S. 292, 302 (1993).

Thus, as set out above, there are three statutory conditions which must be satisfied before EAJA fees may be awarded under 28 U.S.C. § 2412. *See Myers v. Sullivan,* 916 F.2d 659, 666 (11th Cir.1990). First, the claimant must file an application for fees within the 30-day period. Second, the claimant must be a prevailing party. Third, the Government's position must not be substantially justified. The Commissioner contends the first condition has not been met and Plaintiff acknowledges in the reply to the Commissioner's opposition that the motion is indeed untimely. *See* ECF Doc. 17 at 2 (admitting "[t]he EAJA petition should have been filed on December 2, 2020").

On September 3, 2020, this Court entered an order, adopting the undersigned's report and recommendation in favor of Hornung, reversing the Commissioner's decision and remanding the case under sentence four of 42 U.S.C § 405(g). ECF Doc. 13. Additionally, as required under Rule 58, in the Court's

remand order, the Court directed the clerk "to enter judgment in favor of the Plaintiff and close the file," which the clerk did, via a separate document, the same day.  ECF Docs. 13 (Order adopting Report and Recommendation), 14 (Clerk's Judgment); *see Cruz v. Berryhill,* 347 F.Supp. 3d 1199, 1205 (S.D. Fla. 2018) (explaining that a remand order is not a final judgment under Rule 58 and that such a judgment becomes final under Rule 58(c)(2), when the judgment is set out in a separate document, or 150 days have run from the entry of the remand order).  Thus, the Court's judgment became final under the EAJA sixty (60) days later, on November 2, 2020.  *See Sullivan v. Finkelstein*, 496 U.S. 617, 625-26 (1990) (holding that a sentence-four remand order is an appealable final judgment).  Thirty (30) days after the judgment became final was December 2, 2020.  Plaintiff, however, did not file the instant motion until December 4, 2020.

In *Myers*, the Eleventh Circuit held that the 30-day deadline is jurisdictional and, thus, the court must deny an untimely petition.  *Myers*, 916 F.2d at 666 ("a claimant's failure to file an EAJA application within this time constraint precludes a district court from considering the merits of the fee application").  After *Myers*, the United States Supreme Court reached the opposite conclusion in *Scarborough v. Principi*, 541 U.S. 401 (2004), and held that whether a plaintiff is "time barred by § 2412(d)(1)(B) from gaining the fee award authorized by § 2412(d)(1)(A)—does not concern the federal courts' 'subject-matter jurisdiction.'"  *Id*. at 413.  Although the

Eleventh Circuit has not revisited *Myers* since the *Scarborough* decision, at least one court in this circuit has held that the 30-day requirement is not jurisdictional and, as such, that equitable tolling applies. *See Cruz,* 347 F. Supp. 3d at 1206 (recognizing also that at least two other circuits have reached the same conclusion). The Commissioner concedes in his response that "the EAJA's time limit is subject to equitable tolling." ECF Doc. 16 at 4. The Commissioner asserts, however, that those principals do not apply here.

When determining whether equitable tolling should apply, federal courts consider the following factors: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Horn v. Astrue*, 2012 WL 3441455, at *1 (E.D. Tenn. Mar. 2, 2012), *report and recommendation adopted*, 2012 WL 3440125 (E.D. Tenn. Aug. 14, 2012), quoting *Cook v. Commn'r of Soc. Sec.* 480 F.3d 432, 437 (6th Cir. 2007) (applying equitable tolling factors to EAJA petition). For equitable tolling to apply, Plaintiff must "justify her untimely filing by a showing of extraordinary circumstances." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007) (applying equitable tolling to untimely § 405(g) challenge of Commissioner's decision).

As stated above, in Plaintiff's reply counsel admits he missed the EAJA petition deadline by two (2) days. According to counsel, a senior associate in his office inadvertently transposed two numbers, turning the deadline of 12/02 to 12/20 in the firm's calendar. Counsel further explains that the associate's error was "likely caused by the strain of an extraordinary situation," namely a rise in new cases, the hiring of additional remote staff, and increased absences because of COVID-19. ECF Doc. 17 at 3. As evidence of counsel's "contrition," counsel reduced his fees request by six (6) hours, from 36 to 30 hours, for a total of $6,030.00 in fees (rather than the originally sought amount of $7,236.00 in fees) and $400 in costs. *Id.* at 1-2.

It is Plaintiff's burden to establish extraordinary circumstances prevented her from meeting the filing deadline such as to support the application of equitable tolling. *See Cruz,* 347 F. Supp. 3d at 1206. Unfortunately, counsel's inadvertent clerical error does not constitute such extraordinary circumstances. A calendaring mistake or "glitch" is a "garden-variety" error, which while constituting excusable neglect, falls short of justifying the application of equitable tolling. *See Julianne M.F. v. Saul*, 2020 WL 3989598 at *4 (D. Maine July 15, 2020) (recommending denial of EAJA petition as untimely where delay was caused by mistaken notation in file as to due date). Similarly, while counsel references challenges that have occurred because of COVID-19, counsel has not shown that his "practice was

substantially disrupted by the pandemic" or that "but for that disruption, the error would have been discovered in time to file an EAJA fee motion by the deadline." *Id.* at *3. To the contrary, calendaring mistakes happen regardless of any pandemic.

The undersigned also notes that Plaintiff admits in her reply that the Commissioner advised Plaintiff's counsel on December 4, 2020, that a settlement was not possible, and the motion should be filed as contested because it was untimely. ECF Doc. 17 at 2. Yet, nowhere in Plaintiff's EAJA petition does Plaintiff address the timeliness issue. Instead, counsel simply states in paragraph 7 of the motion that he "negotiated with counsel for the SSA prior to the filing of this motion. After conferring, SSA indicated Plaintiff should file this motion opposed." ECF Doc. 15 at 3.

Only in the reply does Plaintiff acknowledge the petition was untimely and attempt to explain its untimeliness. Plaintiff, however, did not seek leave to file a reply to the Commissioner's opposition, as she was required to do by the Court's local rules. *See* Fla. N.D. Loc. R. 7.1(I) ("in extraordinary circumstances, the Court may grant leave to file a reply memorandum"). Indeed, given that Plaintiff knew there was a timeliness issue when the EAJA petition was filed and failed to address it, leave to reply likely would have been denied. Regardless, as set forth herein, the explanation provided does not warrant equitable tolling.

Accordingly, it is respectfully RECOMMENDED that Plaintiff's Motion for Attorney's Fees (ECF Doc. 15) be DENIED.

At Pensacola, Florida, this 29th day of December, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days from the date of this report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**